**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CENTRAL WILLIAMS,

    Plaintiff,

v.                                                       Case No.:  2:19-cv-853-FtM-60NPM

JOSEPH BOONE, D. SPERLING, L.
POLITOWICZ, STEPHEN GAHRMANN
and THOMAS KRALLE,

    Defendants.
_____/

**OPINION AND ORDER**

Pending before the Court is Defendants Boone, Gahrmann and Kralles' Motion to Dismiss Plaintiff's Complaint filed on April 21, 2020.  (Doc. 27).  Defendants seek dismissal of Plaintiff's Complaint based on Eleventh Amendment immunity.  (*Id*. at 2).  Plaintiff alleges Defendants physically abused him during an incident on December 8, 2018, in violation of his Eighth Amendment rights.  (Doc.  1 at 5-6).  Plaintiff requests compensatory and punitive damages as relief.  (*Id*. at 6).   Plaintiff sues all Defendants only in their official capacities.  (Doc. 27 at 4) (citing Doc. 1 at 2-3).

The Court afforded Plaintiff twenty-one (21) days to file a response to the Motion or an amended complaint under Fed. R. Civ. P. 15(a)(1)(B).  *See* April 22, 2020 Order (Doc. 28).  The Court told Plaintiff, if he did not respond, the Court would deem the Motion unopposed.  (*Id*.).  Plaintiff did not respond to the Motion or file an amended complaint.  *See generally* Docket.

The Court grants the Motion and dismisses Plaintiff's Complaint without prejudice as to all Defendants.[1]

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (citing *Twombly*, 550 at 555-56). The court must be able to draw a reasonable inference from the complaint that the defendant is liable for the misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Eleventh Amendment immunizes state officials sued in their official capacity for money damages. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Here, each of the named Defendants is employed as a correctional officer with the Florida Department of Corrections. A suit against a state employee in his or her official capacity is deemed a suit against the state for Eleventh Amendment purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

Because all Defendants are sued only in their official capacity for monetary damages, Plaintiff's Complaint must be dismissed against all Defendants because it is barred by the Eleventh Amendment. *See Lovett v. Quezada*, No. 2:17-cv-422-FTM-38MRM, 2020 WL 1308187, at *3 (M.D. Fla. Mar. 19, 2020) (finding claims for monetary damages against DOC

---

[1] The Court has been unable to effectuate service upon Defendants Sperling and Politowicz. *See (*Docs. 19; 20). Because the Court finds immunity bars the Complaint, it would be futile to reattempt service on either Defendant.

The Court grants the Motion and dismisses Plaintiff's Complaint without prejudice as to all Defendants.[1]

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (citing *Twombly*, 550 at 555-56). The court must be able to draw a reasonable inference from the complaint that the defendant is liable for the misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Eleventh Amendment immunizes state officials sued in their official capacity for money damages. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Here, each of the named Defendants is employed as a correctional officer with the Florida Department of Corrections. A suit against a state employee in his or her official capacity is deemed a suit against the state for Eleventh Amendment purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

Because all Defendants are sued only in their official capacity for monetary damages, Plaintiff's Complaint must be dismissed against all Defendants because it is barred by the Eleventh Amendment. *See Lovett v. Quezada*, No. 2:17-cv-422-FTM-38MRM, 2020 WL 1308187, at *3 (M.D. Fla. Mar. 19, 2020) (finding claims for monetary damages against DOC

---

[1] The Court has been unable to effectuate service upon Defendants Sperling and Politowicz. *See (*Docs. 19; 20). Because the Court finds immunity bars the Complaint, it would be futile to reattempt service on either Defendant.

correctional officers barred by the Eleventh Amendment); *see also Enerson v. Pergonas*, Case No. 2:12-cv-463-FtM-38UAM, 2013 WL 6001071, at *4 (Nov. 12, 2013) (same).

According, it is hereby O**RDERED**:

1. Defendants Boone, Gahrmann and Kralles' Motion to Dismiss Plaintiff's Complaint (Doc. 27) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to all Defendants.

3. The Clerk shall enter judgment, terminate any pending motions as moot, and close this file.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 29th day of May, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1

Copies furnished to:
Counsel of Record
Unrepresented Parties

3